IN THE
UNITED STATES DISTRICT COURT
FOR
THE DISTRICT OF MARYLAND

Kathryn Hart
600 Windy Hill Drive
Westminster MD 21157

Andrew Hart
600 Windy Hill Drive
Westminster MD 21157

vs.                                                                      Civil Action No.:

Willie Edward Taylor Carver, Jr.
c/o University of Kentucky
Gatton College of Business and Economics
550 South Limestone, Office 144Z
Lexington, KY 40506-0034

-o0o-
**COMPLAINT**
(Jury trial requested)

**COUNT I**
**(Defamation)**

Plaintiff, Kathryn Hart and Andrew Hart, (jointly referred to as Mrs. and Mr. Hart) by their attorney, Francis J. Collins, sue Willie Edward Taylor Carver, Jr. (Carver), Defendant, and allege:

1.  Kathryn Hart is the wife of Andrew Hart. They were married on August 22, 2009. They reside in Carroll County, Maryland and have five children. During the entire time of their marriage they have been faithful to each other in sexual matters.

2.  Defendant, Willie Edward Taylor Carver, Jr. is a resident of Kentucky and works at the University of Kentucky. Carver travels around the United States lecturing on gay poetry and other matters. He has published at least one book containing poetry related to homosexual topics. He maintains an "X" account (formerly known as Twitter) and publishes frequently in

support of a gay lifestyle.   On or about December 21, 2023 Carver wrote on Kathryn Hart's X account the following defamatory comment:

> Just because y'all wanna be in a cult doesn't mean we have to be in one with you. You can act like Puritan Martyrs [sic] to justify your unresolved shame about your secret lesbian sex threesomes.   Just leave the rest of us out of it.

3.    This statement by Carver accuses Mrs. and Mr. Hart of marital infidelity, of belonging to a "cult," of engaging in sexual relations with three people at that same time, and of living a homosexual lifestyle.   All four of these accusations are false.

4.    These accusations were published to thousands of residents in Carroll County Maryland and other parts of Maryland, many of whom know, or know of, Mrs. and Mr. Hart. These accusations hold Mrs. and Mr. Hart up to public scorn and ridicule.   Mrs. and Mr. Hart are private figures as that term has been defined by the Supreme Courts of the United States and of Maryland.   Mrs. and Mr. Hart are not public figures in that they do not hold public office, do not perform a prominent role in society, and have not otherwise achieved fame or thrust themselves into the public eye.

5.    Carver made these statements without any evidence to support them and without any rational basis to believe them to be true.

6.    These statements damaged the reputations of Mrs. and Mr. Hart in the Maryland community and constitute defamation *per se*.   Additionally, Mrs. and Mr. Hart suffered personal humiliation, mental pain and anguish and bodily injury as a result of these false statements.

7.    All of Carver's statements were intentionally published by Carver when he knew them to be false or was recklessly in disregard for the truth.   Carver was also negligent in failing to investigate the veracity of the allegations before publishing them.

WHEREFORE, Mrs. and Mr. Hart claim compensatory damages in excess of $75,000 and

punitive damages in excess of $75,000, plus the costs of this suit.

## Count II
### (Invasion of Privacy -- Unreasonable Publicity Given to a Private Life)

Mrs. and Mr. Hart sue Carver and as reasons states:

8.      Mrs. and Mr. Hart incorporate herein the allegations contained in the preceding Count as if they were restated in full.   Carver's publications were regarding private matters, were undertaken and published intentionally, and were highly offensive to Mrs. and Mr. Hart, and to any reasonable person.

9.      Carver's conduct and publications constitute the tort of Unreasonable Publicity Given to a Private Life.

WHEREFORE, Mrs. and Mr. Hart claim compensatory damages in excess of $75,000 and punitive damages in excess of $75,000, plus the costs of this suit.

## Count III
### (Invasion of Privacy -- Intrusion Upon Seclusion)

Mrs. and Mr. Hart sue Carver and as reasons states:

10.     Mrs. and Mr. Hart incorporate herein the allegations contained in the preceding Counts as if they were restated in full.

11.     Carver's conduct constitutes the tort of Intrusion Upon Seclusion.

WHEREFORE, Mrs. and Mr. Hart claim compensatory damages in excess of $75,000 and punitive damages in excess of $75,000, plus the costs of this suit.

## Count IV
### (Invasion of Privacy -- False Light)

Mrs. and Mr. Hart sue Carver and as reasons states:

12. Mrs. and Mr. Hart incorporate herein the allegations contained in the preceding Counts as if they were restated in full.

13. By and through the complete course of conduct alleged above, Carver intentionally and negligently placed Mrs. and Mr. Hart in a false light.

14. Carver's conduct constitutes the tort of False Light.

WHEREFORE, Mrs. and Mr. Hart claim compensatory damages in excess of $75,000 and punitive damages in excess of $75,000, plus the costs of this suit.

KAHN, SMITH & COLLINS, P.A.

By: _____
Francis J. Collins, Esquire
201 North Charles Street, 10th Floor
Baltimore, Maryland 21201
410-244-1010
fjcollins@kahnsmith.com
Attorney for Plaintiff
Bar # 04272
AIS # 8501010118

## JURY TRIAL REQUEST

Mrs. and Mr. Hart hereby elect to have this case tried by a jury.

KAHN, SMITH & COLLINS, P.A.

By: _____
Francis J. Collins, Esquire
201 North Charles Street, 10th Floor
Baltimore, Maryland 21201
410-244-1010
fjcollins@kahnsmith.com
Attorney for Plaintiff
Bar # 04272
AIS# 8501010118

5