IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| KATHRYN HART *et al.*,<br><br>　　　　　Plaintiffs,<br><br>　v.<br><br>WILLIE EDWARD TAYLOR CARVER, JR.,<br><br>　　　　　Defendant. | Case No. 1:23-cv-03499<br><br>Judge Julie Rebecca Rubin |

**DEFENDANT'S OPPOSITION TO
PLAINTIFFS' MOTION TO STRIKE, EXCLUDE OR CONVERT**

Defendant Willie Edward Taylor Carver, Jr. ("Carver") hereby opposes Plaintiffs' Motion to Strike ("Mot.") (Dkt. 18). For the reasons stated below, the Court should deny each aspect of Plaintiff's motion.

1.　　Plaintiffs' motion to strike goes astray at the outset in relying on Rule 12(f), which permits motions to strike "*from a pleading* an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." Fed. R. Civ. P. 12(f) (emphasis added). Of course, Carver's motion to dismiss, and supporting memorandum, is not a pleading. *See* Fed. R. Civ. P. 7(a) (defining "pleadings"). As such, the provision here is inapt and the Plaintiffs' motion is "inappropriate." *Thomas v. BET Sound-Stage Restaurant/BrettCo, Inc*., 61 F.Supp.2d 448, 458 (D. Md. 1999) ("As motions to dismiss are not pleadings, Plaintiff's motions to strike are inappropriate."); *see also, e.g.*, *Effland v. Baltimore Police Dep't*, No. 1:20-cv-3503-CCB, 2022 U.S. Dist. LEXIS 139867, at *6 (D. Md. Aug. 4, 2022) ("Rule 12(f) is improperly invoked here in an attempt to strike the plaintiff's responsive brief" because "[p]leadings … do not encompass motions or responsive briefs"); *Davis v. BBR Mgmt., LLC*, No. DKC 10-0552, 2011

U.S. Dist. LEXIS 8716, at *6 n.2 (D. Md. Jan. 31, 2011) ("Rule 12(f) relates to motions to strike pleadings and cannot be used to strike motions."). But even when properly addressed to the pleadings, motions to strike are "generally disfavored" as a "drastic remedy." *Waste Mgmt. Holdings v. Gilmore*, 252 F.3d 316, 347 (4th Cir. 2001). As another federal court more bluntly stated, motions to strike are often "considered 'time wasters,' and usually will be denied unless the allegations have no possible relation to the controversy and may cause prejudice to one of the parties." *Carlson Corp./Se. v. Sch. Bd. of Seminole Cnty.*, 778 F. Supp. 518, 519 (M.D. Fla. 1991). Here, addressed improperly to a motion and not to a pleading, Plaintiffs' motion is a "time waster." The Court should deny it.

   2.  Plaintiffs' alternate request that the Court "exclude matters not in the record" should also be denied, for two reasons. *First*, the request fundamentally misunderstands the nature of a Rule 12(b)(2) motion. "[I]n resolving motions brought under Federal Rule of Civil Procedure 12(b)(2), the court may consider evidence outside the pleadings." *Kumar v. Mahone*, No. GLR-21-735, 2022 U.S. Dist. LEXIS 16844, at *7 (D. Md. Jan. 31, 2022). This frequently includes declarations, as here. *Harvey v. CNN, Inc.*, 520 F. Supp. 3d 693, 708 (D. Md. 2021) ("A court may hold an evidentiary hearing or permit discovery as to the jurisdictional issue, but it also may resolve the issue on the basis of the complaint, motion papers, affidavits, and other supporting memoranda."); *see also, e.g.*, *Bradley v. DentalPlans.com*, 617 F. Supp. 3d 326, 332-33 (D. Md. 2022) (noting submission of affidavits in jurisdictional motion). *Second*, if the Court denies the Rule 12(b)(2) motion and considers Defendant's alternate merits motion to dismiss, it can then properly disregard factual averments in the declaration in adjudicating that motion on the pleadings. *E.g.*, *Finley Alexander Wealth Mgmt., LLC v. M&O Mktg.*, No. GJH-19-1312, 2020 U.S. Dist. LEXIS 48678, at *33 n. 12 (D. Md. Mar. 20, 2020). No motion is necessary.

3. One exception to this way of proceeding comes into play here. The Court may consider the full social media exchange—the publication at issue in this defamation case—on a motion to dismiss on the merits. Where a plaintiff's complaint cites to or attaches only a portion of the communication at issue, and the authenticity of the entire publication is not in dispute, the Court properly considers the full social media exchange, because it is integral to the complaint and the basis for the defamation and related tort claims. *Luy v. Baltimore Police Dep't*, 326 F. Supp. 2d 682, 688 (D. Md. 2004), *aff'd*, 120 F. App'x 465 (4th Cir. 2005). As Judge Hollander recently explained, in a case where she took judicial notice of an entire HBO miniseries in a defamation case involving claims over a three-minute scene, the context of a challenged publication represents "legislative facts," *i.e.*, "those which have relevance to legal reasoning," rather than "adjudicative facts" appropriate for the jury. *Daniel v. HBO, Inc.*, No. ELH-23-233, 2023 U.S. Dist. LEXIS 217653, at *16-17 (D. Md. Dec. 7, 2023); *see also Watkins v. CNN, Inc.*, No. GJH-17-780, 2018 U.S. Dist LEXIS 71003, at *2 n.4 (D. Md. Apr. 25, 2018) (taking judicial notice of website content in defamation case).

4. In the same way, the Court may properly consider public media reports—such as those about Moms for Liberty founder—because they are offered *as context* for the communication at issue, rather than for their underlying truth. *Id.*; *see generally Sec'y of State for Defence v. Trimble Navigation Ltd.*, 484 F.3d 700, 705 (4th Cir. 2007) ("In reviewing the dismissal of a complaint under Rule 12(b)(6), we may properly take judicial notice of matters of public record."). Because all of the arguments in the Defendant's alternate Rule 12(b)(6) motion rely solely on the pleaded allegations of the Complaint, the full social media exchange at issue in the defamation and related torts case, and matters of public record, there is no need for the Court to disregard anything for purposes of deciding Defendant's Rule 12(b)(6) motion.

5.      The Court should also reject Plaintiffs' effort to convert Defendant's Motion to Dismiss into a Motion for Summary Judgment. It would be improper to convert a jurisdictional motion to dismiss into a motion for summary judgment. To the extent that Plaintiffs have established factual disputes relevant to the jurisdictional question—and they have not—the Court is within its power to order a jurisdictional hearing. *Bradley*, 617 F. Supp. 3d at 332 ("District courts have 'broad discretion to determine the procedure that it will follow in resolving a Rule 12(b)(2) motion.'") (quoting *Grayson v. Anderson*, 816 F.3d 262, 268 (4th Cir. 2016)). Nor should the Court convert Defendant's alternate Rule 12(b)(6) motion: It addresses only the pleadings and material properly subject to judicial notice.

6.      For all of the foregoing reasons, Defendant Carver respectfully requests that the Court deny Plaintiff's Motion to Strike.

Dated: March 11, 2024                    Respectfully submitted,

                                         BALLARD SPAHR LLP

                                         /s/ *Chad R. Bowman*
                                         Chad R. Bowman (Bar No. 18305)
                                         1909 K Street, NW, 12th Floor
                                         Washington, DC 20006
                                         Tel: (202) 661-2200
                                         Fax: (202) 661-2299
                                         bowmanchad@ballardspahr.com

                                         William Alden McDaniel, Jr. (Bar No. 000571)
                                         111. South Calvert Street, 27th Floor
                                         Baltimore, Maryland 21202
                                         Tel.: (410) 528-5600
                                         Fax: (410) 528-5650
                                         mcdanielw@ballardspahr.com

Rory Kress Mandel (*pro hac vice*)
1735 Market Street, 51st Floor
Philadelphia, PA 19103
Tel: (215) 864-8130
Fax: (215) 864-8999
mandelr@ballardspahr.com

*Counsel for Defendant*
*Willie Edward Taylor Carver, Jr.*

5